In the Matter of FRANCIS J. KELLY, Petitioner, v. MICHAEL J. MURPHY, as Police Commissioner of the City of New York, et al., Respondents.— Determination of respondent, Police Commissioner of the City of New York, finding petitioner guilty, after a departmental trial, of one of nine specifications of charges, and fining him 30 days' pay and placing him on probation for one year, modified on the law, without costs or disbursements to any party, to the extent of awarding petitioner back pay for the period February 24, 1962 to July 13, 1962, and otherwise confirmed. Petitioner was suspended, without pay, on the former date, but was not served with the charges until the latter date. Concur — McNally, Stevens, Steuer and Capozzoli, JJ. Rabin, J. P., dissents in the following memorandum: I dissent and vote to annul the determination of the Police Commissioner finding the petitioner guilty of the seventh specification. Petitioner was served with charges involving a total of nine specifications. The hearing officer found the petitioner innocent of all nine specifications. The basic charge against petitioner was that he, together with two other police officers,

attempted to extort money from a suspect of a crime in lieu of arresting such suspect. On that charge the petitioner was acquitted. The specification upon which petitioner was found guilty by the Commissioner was a peripheral one. That specification alleged that petitioner solicited and advised Patrolman McPhillips " to make a false statement  *  *  * when questioned by a superior officer  *  *  * regarding the presence of the " suspect in the precinct on the date in question. The only testimony supporting the finding of guilt on this one specification came from Patrolman McPhillips. It is my opinion that this witness' testimony was demonstrably proven to be so unreliable as to be considered incredible and, therefore, should be rejected. Without that testimony there is no evidence on the record to support the finding of guilt. Patrolman McPhillips testified before the Inspector who conducted the preliminary investigation, before the Grand Jury, and at the departmental hearing under review. His testimony varied each time in considerable and material detail, each succeeding version having the effect of removing himself from incriminating conduct with the criminal suspect. With regard to his present testimony at the departmental hearing, it is so fraught with inconsistencies, vagaries and contradictions so that it is " reduce[d]  *  *  * to the level of being incredible as a matter of law." (*Matter of Lynn* v. *Hults,* 26 A D 2d 570, 571). As indicated above, specification seven is based upon the testimony by McPhillips that petitioner solicited and advised him (Patrolman McPhillips) " to make a false statement " regarding the presence of the suspect in the precinct. However, McPhillips charged that petitioner solicited him in the same manner on quite another occasion in the lobby of the District Attorney's office. The falsity of his latter testimony was demonstrated by the testimony of officers of the Police Commissioner's Confidential Investigation Unit, who then had custody of Lieutenant Kelly. It should be noted that none of the many charges against petitioner was based upon that incident. How then can we accept the testimony of Patrolman McPhillips, who was discredited in so many details, whose testimony was proven false beyond a reasonable doubt and who by his own admission violated various police departmental rules on the night in question, and who no doubt sought by his testimony to gain consideration in the light of his delinquencies? It cannot be said that this witness' testimony constituted substantial evidence supporting the determination of guilt. (Cf. *Matter of Phinn* v. *Kross,* 8 A D 2d 132; *Matter of La Forge* v. *Kennedy,* 8 A D 2d 143, 148, revd. 7 N Y 2d 973.) I believe the Police Commissioner should have accepted the recommendation of the hearing officer with respect to specification seven, as he did with respect to the other eight. Accordingly, the determination should be annulled.